7638

### STATE v. AYERS.

1. CHARGE.—Where a defendant admits that he struck deceased with a stick, the statement by the Judge in his charge, "If the clot on the brain caused the death and you can trace that back to the blow," could not have affected the result.

2. IBID.—The assumption that there was a clot on the brain was technical error, but as the only evidence about the clot was that of the physician, which was in no way contradicted, this allusion could not have affected the verdict.

Before GARY, J., Calhoun, November, 1909. Affirmed.

Indictment against John Ayers for murder of Malley Whitmore. From .sentence on verdict, defendant appeals.

*Messrs. J. M. Walker* and *W. H. Townsend,* for appellant, cite: *Judge should not state isolated fact:* 70 S. C., 79; 44 S. E., 694; 13 Am. St. R., 515; 40 Id., 832; 73 S. C., 356; 68 S. C., 317. *Clot on brain not admitted:* 68 S. C., 162; 76 S. C., 506, 257.

*Solicitor Hildebrand,* contra, cites: *Proof of corpus delicti:* Best on Ev., sec. 442; 43 Miss., 472; 109 N. Y., 113. *Law of self-defense:* 43 S. C., 128; 80 S. C., 337.

July 21, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant, having been convicted of manslaughter on an indictment charging him with the murder of Malley Whitmore, appeals on the ground that there was error for which a new trial should be granted in the following instruction to the jury: "If the clot on the brain caused the death of the deceased, and you can trace that back to the blow, the defendant would be held responsible under this theory of the law, under the theory that the law holds a man responsible for an unlawful act intention-

ally done. Just as you would say of a soldier on a battle field who was shot in the leg and gangrene would set in or pneumonia would set in from the wound and he would die, you would say that he was killed from a gunshot wound in battle; even though he died of pneumonia, the gunshot wound would be the cause of his death. If one strikes another a blow and so disarranges the anatomy that death results from complications that set in, within a year and a day after the blow was inflicted, you charge the death to the blow as the proximate cause."

The first error alleged is that the Court assumed as a fact that the defendant *intentionally* struck the deceased. It is impossible that such an assumption could have affected the result, because the defendant himself admitted that he intentionally struck the deceased two blows with a stick, giving as his excuse that deceased was advancing on him and menacing him with a drawn pistol.

The other error assigned is that the Court assumed that there was a clot of blood found on the brain of deceased. Indicating in the charge as a fact the existence of a clot on the brain of the deceased was no doubt a technical error. But to order a new trial for such an inadvertence would in this case be trifling with the administration of justice. It is true that the defendant did not admit that the blows struck by him produced death, or a clot on the brain, or any other evil consequence; but he admitted that the deceased was struck by him two blows on the head with a stick, and that he died shortly thereafter, on the same day. Dr. Dreher, who made the *post mortem* examination, testified that death was due to a blood clot found on the brain. There was not a particle of evidence to the contrary, nor did anything appear in the whole case indicating the least doubt of the truth of the physician's statement. No jury under these circumstances could have considered that there was any issue as to the existence of the clot of blood. Thus, it is perfectly clear that the allu-

sion of the Circuit Judge to the existence of the clot on the
brain of the deceased could not have affected the verdict.

It is the judgment of this Court that the judgment of the
Circuit Court be affirmed.